IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARY LEWIS BROWN**                                                                 **PETITIONER**

v.                                    NO. 4:23-cv-00287-BRW-PSH

**DEXTER PAYNE**                                                                     **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Gary Lewis Brown ("Brown") challenges the disciplinary he received on August 26, 2022. It is recommended that this case be dismissed without prejudice for a lack of jurisdiction. His claims are potentially viable conditions-of-confinement claims and outside the scope of 28 U.S.C. 2254. He was given the opportunity to convert this case to one pursuant to 42 U.S.C. 1983, but he failed to take advantage of that opportunity.

The record reflects that following the escape of Arkansas Division of Correction ("ADC") inmate Samuel Hartman, Brown was charged with multiple rule violations arising from his part in the escape. On August 26, 2022, Brown was convicted of violating rule 01-1, banding together/demonstration, which arose from the disruption to the prison's operation caused by the escape. He was also convicted of violating rule 13-2, lying to a staff member, which arose from his statements during a post-escape interview in which his statements were subjected to a computer voice stress analysis. He lost his commissary, telephone, and visitation privileges for sixty days; was sentenced to thirty days of punitive isolation; forfeited a year of good-time credits; and was reduced in class.

Brown began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he maintained that his right to due process was violated because the disciplinary is supported by no credible evidence and his conviction was obtained in violation of ADC policies. He asked that the disciplinary be reversed, his good-time credits be restored, and his transfer eligibility date be recalculated.

Respondent Dexter Payne ("Payne") filed a response and asked that the petition be dismissed. Payne maintained that the petition should be dismissed because Brown's claims are not cognizable in a proceeding pursuant to 28 U.S.C. 2254. Specifically, Payne alleged the following:

> ... The habeas statute only provides a remedy for petitioners who challenge the fact or length of their confinement, while claims challenging the circumstances of a petitioner's confinement may be brought in an action under [42] U.S.C. 1983. [Citation omitted]. Here, suspension of Brown's phone, commissary, and visitation privileges, and the imposition of 30 days' punitive isolation, did not change the fact or duration of his confinement. Those claims, accordingly, are not cognizable in federal habeas.
>
> As to Brown's claims regarding classification and good-time, under Arkansas's parole statutes, "meritorious good time does not apply to reduce the length of a sentence," but only affects an inmate's transfer eligibility date. McKinnon v. Norris, 231 S.W.3d 725, 729 (Ark. 2006). As such, neither the loss of good time credits nor a change in the rate that the inmate accrues them affects the fact or duration of his confinement. ...

3

See Docket Entry 6 at CM/ECF 2-3. Payne additionally maintained that the petition should be dismissed because Brown's claims do not implicate a protected liberty interest and, alternatively, his claims are without merit.

Brown filed a reply and maintained, inter alia, that his conviction for the disciplinary was not supported by any credible evidence but was built solely upon an interpretation of the computer voice stress analysis. He also noted that the charging document did not indicate how he personally disrupted the prison's operation or to whom he might have lied.

The undersigned reviewed the case at bar and found that it is not unlike Crockett v. Kelley, No. 5:18-cv-00210-JM-JTR, 2019 WL 1590947 (E.D. Ark. 2019), report and recommendation adopted, No. 5:18-cv-00210-JM, 2019 WL 1590588 (E.D. Ark. 2019). In that case, Crockett was convicted of a disciplinary. He lost his commissary, telephone, and visitation privileges; was sentenced to punitive isolation; forfeited good-time credits; and was reduced in class. He challenged the disciplinary by filing a petition pursuant to 28 U.S.C. 2254. In the petition, he maintained, in part, that the disciplinary proceeding failed to comport with the requirements of due process. United States District Judge James M. Moody, Jr., adopted a report and recommendation and dismissed the petition. He did so, in part, for the following reason:

A prisoner may maintain a procedural due process challenge to a prison disciplinary proceeding only if he is deemed to have a liberty interest sufficient to trigger the protections of the Fourteenth Amendment. Sandin v. Conner, 515 U.S. 472, 485-86 (1995); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2002). Liberty interests arising from state law are limited to "freedom from restraint" which "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." Sandin v. Connor, 515 U.S. 472, 484, 487 (1995).

In a habeas action, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1983)) (emphasis added); see also Spencer v. Haynes, 774 F.3d 467, 469-70 (8th Cir. 2014) (citing and applying Kruger). Thus, for Crockett's claims arising from the disciplinary proceeding to implicate a "liberty interest" capable of making them actionable under 2254, he must establish that the loss of 500 days of good-time credit served to lengthen his sentence. As the Court noted in Sandin, the "Due Process Clause itself does not create a liberty interest in credit for good behavior." Id. at 477. Instead, a court must look to the specific state statute in question to determine whether a liberty interest in good-time credit has been created by the state. Id.

Arkansas statutory law establishing good-time credit "plainly states '[m]eritorious good time will not be applied to reduce the length of a sentence,'" but instead impacts an inmate's "transfer eligibility date." McKinnon v. Norris, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (Ark. 2006) (quoting Ark. Code Ann. 12-29-201(d) and (e)(1)) (emphasis added). In McKinnon, the Arkansas Supreme Court rejected the state habeas petitioner's claim that his prison sentence had been extended unlawfully because, following a prison disciplinary, his good-time credits were forfeited and his ability to earn future credits

5

was eliminated. According to the Court, "Arkansas has not created a liberty interest in good time under the constitutional analysis in Wolff v. McDonnell," (emphasis added). Id. at 408-409, 231 S.W.3d at 730.

The Court's legal conclusion in McKinnon is not binding on federal courts. However, courts in the Eastern District of Arkansas have reached the same conclusion under federal law. As United States Magistrate Judge Beth Deere reasoned in a Recommendation adopted by United States District Judge Leon Holmes:

> Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time until the inmate is eligible for transfer, i.e., consideration of parole. Persechini v. Callaway, 651 F.3d 802, 808 (8th Cir. 2011).
>
> There is clearly a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week, even though in both circumstances the inmate is serving his or her sentence. This stark difference is recognized by an inmate's liberty interest in the revocation of parole. But the Supreme Court has long noted the distinction between parole release and parole revocation. Greenholtz v. Inmates of the Neb. Penal and Corr. Complex, 442 U.S. 1, 99 S.Ct. 2100 (1979). The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." Id. at 9. Under Arkansas law, good-conduct time reduces the length of time until an inmate is eligible for parole, but it does not reduce the length of the sentence itself. See Ark. Code Ann. 16-93-614 and Ark. Code Ann. 12-29-201(d).

> In sum, Mr. Roberts has a liberty interest in release at the expiration of his sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).
>
> Roberts v. Hobbs, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341, 2-3 (E.D. Ark. April 4, 2014), certificate of appealability denied, Case No. 14-1930 (8th Cir. Aug. 12, 2014). Thus, the Court concludes that the legal analysis in Roberts and McKinnon are persuasive and squarely support the denial of Crockett's claims.
>
> ...
>
> Because Crockett has failed to show that the loss of good-time credits will have any impact on the length of his sentence, his claim should be denied.

See Id. at 2019 WL 1590947, 2-4 (emphasis and footnotes omitted). See also Williamson v. Payne, No. 4:22-cv-01046-LPR-ERE, 2022 WL 19409973 (E.D. Ark. Nov. 21, 2022), report and recommendation adopted, No. 4:22-cv-01046-LPR, 2023 WL 2895886 (E.D. Ark. Apr. 11, 2023); Williams v. Payne, No. 4:21-cv-00577-JJV, 2021 WL 5183640 (E.D. Ark. Nov. 8, 2021). Judge Moody also found that Crockett's challenges to his loss of commissary, telephone, and visitation privileges, sentence to punitive isolation, and reduction in class were outside the scope of 28 U.S.C. 2254.

7

On the basis of Crockett, and given Williamson and Williams, the undersigned found that Brown's claims are potentially viable conditions-of-confinement claims and outside the scope of 28 U.S.C. 2254. They can only be raised in a complaint pursuant to 42 U.S.C. 1983. In accordance with Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), Brown was notified of that construction of his claims and given up to, and including, October 6, 2023, to convert this case from one pursuant to 28 U.S.C. 2254 to one pursuant to 42 U.S.C. 1983.[1] He was warned that in the event he declined to consent to convert this case to one pursuant to 42 U.S.C. 1983, or otherwise failed to give notice of his desire to convert this case to one pursuant to 42 U.S.C. 1983, the undersigned would recommend that this case be dismissed.

October 6, 2023, has now come and gone, and Brown has filed nothing. By filing nothing, he has not consented to convert this case to one pursuant to 42 U.S.C. 1983.

---

[1] In Spencer v. Haynes, the United States Court of Appeals for the Eighth Circuit held that, where a petitioner has improperly raised "potentially viable" conditions-of-confinement claims in a habeas corpus proceeding, the court should recharacterize the claims into the correct procedural vehicle instead of dismissing the case for a lack of jurisdiction. See Gordon v. Cain, No. 2:17-cv-00114-KGB-JTK, 2018 WL 8786163, 2, (E.D. Ark. July 30, 2018), report and recommendation adopted, No. 2:17-cv-00114-KGB, 2019 WL 3059849 (E.D. Ark. July 11, 2019) (quoting Spencer v. Haynes, 774 F.3d at 471). Before recharacterizing the claims, though, the court should obtain the petitioner's consent.

The undersigned previously found, and now again finds, that Brown's claims do not involve the validity of his conviction or the length of his detention. His claims involving the loss of commissary, telephone, and visitation privileges; assignment to punitive isolation; and reduction in class are conditions-of-confinement claims. See Crockett v. Kelley, 2019 WL 1590947, 2 n.4, report and recommendation adopted, 2019 WL 1590588. See also Croston v. Payne, No. 4:22-cv-00616-LPR-JJV, 2022 WL 18106996 (Aug. 23, 2022), report and recommendation adopted, No. 4:22-cv-00616-LPR, 2023 WL 23806 (Jan. 3, 2023). Habeas corpus relief may be available for the loss of good-time credits, but such relief is not available here because Brown does not have a liberty interest in the possibility of his conditional release prior to the expiration of his sentence. To the extent he lost good-time credits as a result of the disciplinary, the loss of the credits did not lengthen his sentence. His claims are potentially viable conditions-of-confinement claims and outside the scope of 28 U.S.C. 2254.

Given the construction of Brown's claims, and given his failure to consent to convert this case from one pursuant to 28 U.S.C. 2254 to one pursuant to 42 U.S.C. 1983, it is recommended that the case be dismissed without prejudice for a lack of jurisdiction. Judgment should be entered for Payne.

DATED this 11th day of October, 2023.

                                                             _____
                                                             UNITED STATES MAGISTRATE JUDGE